KEVIN V. RYAN (CASBN 118321)
United States Attorney

MARK L. KROTOSKI (CASBN 138549)
Chief, Criminal Division

GARTH HIRE (CASBN 187330)
JAMES E. KELLER (NYSBN 2893881)
Assistant United States Attorneys

   1301 Clay Street, Suite 340S
   Oakland, California 94612-5217
   Telephone: (510) 637-3929
   Facsimile: (510) 637-3724

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 05-00648 MJJ |
| ) | |
| Plaintiff, ) | STIPULATION AND [~~PROPOSED~~] |
| ) | ORDER RESCHEDULING HEARING |
| v. ) | DATE ON DEFENDANTS' MOTION TO |
| ) | SUPPRESS EVIDENCE AND |
| DONTI COOPER, and ) | EXCLUDING TIME |
| MAURICE FRAZIER, ) | |
| ) | OAKLAND VENUE |
| Defendants. ) | |

Plaintiff, by and through its attorney of record, and defendants, by and through their attorneys of record, hereby stipulate and ask the Court to find as follows:

1. On October 13, 2005, a federal grand jury indicted defendants for conspiracy to possess with intent to distribute cocaine base and methamphetamine in violation of Title 21, United States Code, Section 846, and possession with intent to distribute cocaine base and methamphetamine in violation of Title 21, United States Code, Section 841(a)(1). In addition, defendant Cooper was also indicted for being a felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1).

STIPULATION AND ORDER RESCHEDULING SUPPRESSION
HEARING; EXCLUDING TIME

2. The indictment was based on evidence recovered during the execution of a state search warrant at a residence occupied by defendants. Part of the affidavit in support of that state search warrant was sealed because it contained information regarding a confidential informant working with local law enforcement. To date, the government has not produced that sealed portion of the affidavit to defendants' counsel.

3. On November 19, 2005, defendant Cooper filed a Notice of Motion and Motion to Suppress Evidence Derived from Search. On January 9, 2006, defendants Cooper and Frazier filed a Revised Notice of Motion and Motion to Suppress Evidence and Memorandum. On January 26, 2006, the government filed its Opposition to Defendants' Revised Motion to Suppress Evidence and Memorandum concurrently with the Declaration of Detective Lance Santiago, Contra Costa County Sheriff's Office. On January 27, 2006, the government filed *ex parte* and under seal its Motion for Nondisclosure of Sealed Portion of Santiago Affidavit and a second Declaration of Detective Lance Santiago, Contra Costa County Sheriff's Office, attached to which was the sealed portion of the affidavit. On February 1, 2006, defendants filed their Reply Brief in Support of Motion to Suppress. On February 2, 2006, defendant Frazier filed the Declaration of Maurice Frazier in Support of Motion to Suppress. On February 10, 2006, defendant Cooper filed a Notice of Motion and Motion to Compel Disclosure of Sealed Material, Memorandum. On February 18, 2006, defendant Cooper filed Defendant Donti Cooper's Signed Declaration. On February 21, 2006, defendant Frazier filed a Notice of Joinder; Supplemental Points and Authorities in Support of Motion to Unseal Affidavit. On March 27, 2006, the government filed its Supplemental Brief Opposing Defendants' Revised Motion to Suppress Evidence and Memorandum. On April 6, 2006, defendants filed their Supplemental Reply Brief Re: Motion to Suppress.

4. One of the key disputes in the aforementioned filings concerned the government's unwillingess to disclose the sealed portion of the state search warrant affidavit to defendants as well as defendants' claim that without access to the sealed portion they could not adequately address whether or not the state search warrant was supported by probable cause.

STIPULATION AND ORDER RESCHEDULING SUPPRESSION
HEARING; EXCLUDING TIME        2

5. A hearing on defendants' various motions to suppress and disclose the confidential informant is currently scheduled for May 25, 2006. For the reasons explained below, the parties hereby stipulate to vacate the currently scheduled hearing date and re-schedule the hearing for 2:30 p.m. on July 28, 2006, in Oakland, California.

6. In its earlier *ex parte* and under seal motion, the government explained that disclosure of the identity of the informant whose actions were detailed in the sealed portion of the search warrant affidavit would jeopardize the informant's safety. Very recently, however, circumstances regarding that informant have changed. Specifically, the government has learned that the informant is no longer acting in a confidential source capacity but is now scheduled to be a testifying witness in a state criminal prosecution. Accordingly, his/her identity has been disclosed to the defense in that case and the informant is now under the protection of the State of California. For these reasons, the government is now willing to produce the sealed portion of the affidavit to the defendants' counsel subject to an appropriate protective order. Consequently, the parties seek additional time to negotiate the protective order, review and analyze the sealed portion of the affidavit, and if necessary provide the Court with additional briefing that will specifically focus on the contents of the sealed portion of the affidavit.

7. Defendants will also need the additional time from May 25, 2006, to July 28, 2006, to review and analyze the sealed portion of the affidavit, and other evidence in this case, in order to review and analyze the additional discovery materials produced, investigate the case, and develop a trial strategy in light of that new discovery. The parties believe that failure to grant the above-requested continuance would deny defendant's counsel and defendant the reasonable time necessary for effective preparation taking into account the exercise of due diligence and that the

///
///
///

STIPULATION AND ORDER RESCHEDULING SUPPRESSION
HEARING; EXCLUDING TIME                    3

1  ends of justice served by continuing the case as requested outweigh the interest of the public and
2  defendant in a trial within the date prescribed by the Speedy Trial Act.
3      IT IS SO STIPULATED.
4  DATE: May ___, 2006            Respectfully submitted,

KEVIN V. RYAN
United States Attorney

  /s/
GARTH HIRE
JAMES E. KELLER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

  /s/                                /s/
SUZANNE LUBAN, ESQ.            JOHN PAUL REICHMUTH, ESQ.
Counsel for Donti Cooper           Assistant Federal Public Defender
                                        Counsel for Maurice Frazier

## [PROPOSED] ORDER

FOR GOOD CAUSE SHOWN, THE COURT ADOPTS THE FINDINGS OF FACT AND CONCLUSIONS OF LAW STIPULATED TO BY THE PARTIES. THEREFORE, IT IS SO FOUND AND ORDERED THAT:

1. The currently scheduled May 25, 2006, motions hearing is vacated. A hearing on the parties' motions is now scheduled for 2:30 p.m. on July 28, 2006, in Courtroom 4 of the United States Courthouse in Oakland, California.

2. Any further motions the parties choose to file with respect to suppression of the evidence or disclosure of the informant in this case must be filed no later than June 23, 2006. Any oppositions to those motions must be filed no later than June 30, 2006. Any reply briefs must be filed no later than July 7, 2006.

3. The time period from November 19, 2005, to July 28, 2006, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(1)(F) because that period of delay results from the filing of pre-trial motions and encompasses the period of time from the filing of those motions through the

STIPULATION AND ORDER RESCHEDULING SUPPRESSION
HEARING; EXCLUDING TIME           4

1  conclusion of the hearing on, or other prompt disposition of, such motions.  In addition, the time
2  period from November 19, 2005, to July 28, 2006, is deemed excludable pursuant to 18 U.S.C.
3  § 3161(h)(8)(A) because it results from a continuance granted by the Court at the defendants'
4  request and on the basis of the Court's finding that the ends of justice served by taking such
5  action outweigh the best interest of the public and the defendant in a speedy trial.  Finally, the
6  time period from November 19, 2005, to July 28, 2006, is deemed excludable pursuant to 18
7  U.S.C. § 3161(h)(8)(B)(iv) because failure to grant the continuance would unreasonably deny
8  defense counsel the time necessary for effective preparation for trial, taking into account due
9  diligence.  The Court finds that nothing in this stipulation and order shall preclude a finding that
10 other provisions of the Speedy Trial Act dictate that additional time periods are excludable from
11 the period within which trial must commence.

12
13 DATED: 5/23/2006                          _____
                                             HONORABLE MARTIN J. JENKINS
14                                           UNITED STATES DISTRICT JUDGE

24 I hereby attest that I have on file all the holograph signatures for any signatures indicated by a
25 "conformed" signature (/s/) within this efiled document.

STIPULATION AND ORDER RESCHEDULING SUPPRESSION
HEARING; EXCLUDING TIME                          5