KEVIN V. RYAN (CASBN 118321)
United States Attorney

MARK L. KROTOSKI (CASBN 138549)
Chief, Criminal Division

GARTH HIRE (CASBN 187330)
JAMES E. KELLER (NYSBN 2893881)
Assistant United States Attorneys

   1301 Clay Street, Suite 340S
   Oakland, California 94612-5217
   Telephone: (510) 637-3929
   Facsimile: (510) 637-3724

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 05-00648 MJJ |
| ) | |
| Plaintiff, ) | STIPULATION AND [~~PROPOSED~~] |
| ) | PROTECTIVE ORDER REGARDING |
| v. ) | PRODUCTION OF CONFIDENTIAL |
| ) | DISCOVERY |
| DONTI COOPER, and ) | |
| MAURICE FRAZIER, ) | |
| ) | |
| Defendants. ) | |

    Plaintiff, by and through its attorney of record, and defendants, by and through their attorneys of record, hereby stipulate as follows:

    1. On October 13, 2005, a federal grand jury indicted defendants for conspiracy to possess with intent to distribute cocaine base and methamphetamine in violation of Title 21, United States Code, Section 846, and possession with intent to distribute cocaine base and methamphetamine in violation of Title 21, United States Code, Section 841(a)(1). In addition, defendant Cooper was also indicted for being a felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1).

STIPULATION AND PROTECTIVE ORDER
RE CONFIDENTIAL DISCOVERY

2. The indictment in this case was based on evidence recovered during the execution of a state search warrant at a residence occupied by defendants. Part of the affidavit in support of that state search warrant was sealed because it contained information regarding a confidential informant working with local law enforcement. To date, the government has not produced that sealed portion of the affidavit to defendants' counsel because the government believed that disclosure of the identity of the informant would jeopardize the informant's safety. Very recently, however, circumstances regarding that informant have changed. Specifically, the government has learned that the informant is no longer acting in a confidential source capacity but is now scheduled to be a testifying witness in a state criminal prosecution. Accordingly, his/her identity has been disclosed to the defense in that case and the informant is now under the protection of the State of California. For these reasons, the government is now willing to produce the sealed portion of the affidavit to the defendants' counsel subject to an appropriate protective order.

3. The government believes that the proposed protective order is necessary to prevent the sealed portion of the affidavit (and any other related discovery materials that may be produced in the future) from being disseminated among members of the public and the defendants in this case, as well as their associates and family members. Although the sealed portion of the affidavit does not identify the confidential informant by name, the government believes it is very likely that defendants will be able to determine his/her identity from the context of the sealed portion of the affidavit. The government believes that the proposed protective order will greatly reduce the possibility that individuals will misuse discovery materials to identify, intimidate, and/or harm the confidential informant and/or the informant's family.

4. Defendants and their counsel deny that any person would be endangered by defendants' possession of any discovery material in this matter. The parties agree that no inference should be drawn about defendants' dangerousness because of their agreement to enter into this stipulation.

5. The parties agree that the following conditions, if ordered by the Court pursuant to Federal Rule of Criminal Procedure 16(d)(1), should serve the government's interest in protecting the confidential informant and other members of the community and reducing the risk

STIPULATION AND PROTECTIVE ORDER
RE CONFIDENTIAL DISCOVERY  2

1  of retribution taken against the confidential informant and/or the informant's family by
2  precluding the circulation of the sealed portion of the affidavit throughout the prison system and
3  the community, while permitting the defense to obtain the sealed portion of the affidavit in order
4  to refine their motions to suppress the evidence in this case. Accordingly, the parties jointly
5  request that the Court order as follows:

6       a.     For purposes of this Order, the term "defense team" refers to: (1) the counsel of
7  record (including paralegals) for defendants; and (2) defense investigators assisting those counsel
8  with this case. Each member of the defense team must provide the government with a letter
9  indicating that they have read this stipulation and agree to be bound by its terms. For purposes of
10 this Order, the term "defense team" does <u>not</u> include defendants.

11      b.     The government is authorized to provide each defense team with the sealed
12 portion of the search warrant affidavit in this case (and any other related materials that the
13 government may produce in the future) and may, in its discretion, designate any discovery
14 produced as "Confidential Discovery" to be governed by the terms of this protective order. The
15 government may designate discoverable documents, items, and materials relating to confidential
16 sources or other individuals who would be in danger if their identities were known, by marking
17 such discovery as "CONFIDENTIAL" and shall produce such discovery in a binder marked
18 "WARNING: CONTENTS SUBJECT TO PROTECTIVE ORDER. UNAUTHORIZED
19 COPYING OR VIEWING IS SUBJECT TO PUNISHMENT AS CONTEMPT OF COURT."

20      c.     The defense teams shall not permit anyone, <u>including defendants</u>, to have physical
21 possession of Confidential Discovery pursuant to this Order other than the defense teams.

22      d.     A defense team shall not divulge the contents of any Confidential Discovery
23 provided pursuant to this Order to anyone other than the individual defendant it represents. A
24 defense team member may show Confidential Discovery to the individual defendant it represents
25 in the physical presence of a defense team member but may not permit that defendant to have
26 physical possession of the Confidential Discovery.

27      e.     The defense team shall not permit Confidential Discovery provided pursuant to
28 this Order to be outside of the defense team's offices, homes, vehicles, or personal presence. The

STIPULATION AND PROTECTIVE ORDER
RE CONFIDENTIAL DISCOVERY      3

defense team may take Confidential Discovery into a custodial facility to show it to the individual defendant it represents but, as explained above, the defense team must maintain physical possession of the Confidential Discovery and may not allow the defendant to have physical possession of the Confidential Discovery.

  f. The defense team shall not reproduce or photocopy the Confidential Discovery unless that copy or reproduction is to be included in a court filing. In the event that one of the parties files a pleading that references or contains Confidential Discovery or information therefrom, that filing must be made under seal. Defendants may not be provided with a copy of such a filing.

  g. Each defense team shall return all Confidential Discovery provided pursuant to this Order to the government fourteen calendar days after the following event: dismissal of all charges against defendant; defendant's acquittal by court or jury; filing of a notice of appeal from conviction and/or sentence; or the conclusion of any direct appeal, whichever occurs latest in time. In the event that the defense team has made notes or marks on the Confidential Discovery constituting work product the defense team shall return the materials to the government in a sealed container labeled "WORK PRODUCT-DESTROY."

  h. In the event that a defendant's counsel believes that a document or other item of discovery identified by the government as Confidential Discovery covered by this protective order needs to be retained or possessed by defendant himself or herself, defendant's counsel shall first meet and confer with the government in an effort to reach a stipulation and proposed order to exempt the item or document from the protective order. If the government and a defendant's counsel are unable to reach such an agreement then defendant's counsel may apply to this Court for relief from the protective order as to the document or item of discovery at issue. This procedure is not intended to alter in any way the otherwise applicable law relating to the showing that must be made by any party seeking a protective order or relief therefrom.

  i. After the conclusion of proceedings in the district court or any direct appeal in the above-captioned case ("this case"), the government will maintain a copy of all Confidential Discovery produced in this case. The government will maintain such documents until the time

STIPULATION AND PROTECTIVE ORDER
RE CONFIDENTIAL DISCOVERY   4

period for filing a motion pursuant to 28 U.S.C. § 2255 has expired. After the statutory time period for filing such a motion has expired, the government may destroy the documents.

IT IS SO STIPULATED.

DATE: May 19, 2006                                     Respectfully submitted,

                                                       KEVIN V. RYAN
                                                       United States Attorney


                                                       _____/s/_____ [1]
                                                       GARTH HIRE
                                                       JAMES E. KELLER
                                                       Assistant United States Attorneys

                                                       Attorneys for Plaintiff
                                                       UNITED STATES OF AMERICA


_____/s/_____                                        _____/s/_____
SUZANNE LUBAN, ESQ.                                    JOHN PAUL REICHMUTH, ESQ.
                                                       Assistant Federal Public Defender
Counsel for Donti Cooper
                                                       Counsel for Maurice Frazier

### [~~PROPOSED~~] ORDER

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED: The government is hereby authorized, pursuant to Federal Rule of Criminal Procedure 16, to disclose discovery to the defense and may designate discovery to be governed by this protective order as Confidential Discovery. The parties are hereby ordered to comply with the conditions set forth in paragraphs 5(a)-(i) of this stipulation and order pursuant to Federal Rule of Criminal Procedure 16(d)(1).

DATED: 6/6/2006                                        _____/s/ Martin J. Jenkins_____
                                                       HONORABLE MARTIN J. JENKINS
                                                       UNITED STATES DISTRICT JUDGE

---

[1] I hereby attest that I have on file all the holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

STIPULATION AND PROTECTIVE ORDER
RE CONFIDENTIAL DISCOVERY                    5