| | |
|---|---|
| 1 | KEVIN V. RYAN (CASBN 118321)<br>United States Attorney |
| 2 | |
| 3 | MARK L. KROTOSKI (CASBN 138549)<br>Chief, Criminal Division |
| 4 | GARTH HIRE (CASBN 187330)<br>JAMES E. KELLER (NYSBN 2893881) |
| 5 | Assistant United States Attorneys |
| 6 | 1301 Clay Street, Suite 340S<br>Oakland, California 94612-5217 |
| 7 | Telephone: (510) 637-3929<br>Facsimile: (510) 637-3724 |
| 8 | E-Mail: Garth.Hire@usdoj.gov |
| 9 | Attorneys for Plaintiff |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 05-00648 MJJ |
| Plaintiff, | ) ) | STIPULATION AND [PROPOSED] ORDER VACATING CURRENT |
| v. | ) ) | MOTIONS HEARING AND RESCHEDULING MOTIONS HEARING |
| DONTI COOPER, and MAURICE FRAZIER, | ) ) ) | AND EXCLUDING TIME OAKLAND VENUE |
| Defendants. | ) ) | |

      Plaintiff, by and through its attorney of record, and defendants, by and through their attorneys of record, hereby stipulate and ask the Court to find as follows:

      1.      On October 13, 2005, a federal grand jury indicted defendants for conspiracy to possess with intent to distribute cocaine base and methamphetamine in violation of Title 21, United States Code, Section 846, and possession with intent to distribute cocaine base and methamphetamine in violation of Title 21, United States Code, Section 841(a)(1). In addition, defendant Cooper was also indicted for being a felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1).

STIPULATION AND ORDER RESCHEDULING MOTIONS
HEARING; EXCLUDING TIME

2. The indictment was based on evidence recovered during the execution of a state search warrant at a residence occupied by defendants. Part of the affidavit in support of that state search warrant was sealed because it contained information regarding a confidential informant working with local law enforcement. The government has now produced, pursuant to a protective order, the sealed portion of the affidavit. After review of that Confidential Discovery, defense counsel need more time to further investigate the statements made in that sealed portion and, if necessary, file new motions based on that information.

3. On July 20, 2006, a federal grand jury returned a superseding indictment charging defendants with: (1) conspiracy to possess with intent to distribute cocaine base, cocaine, and methamphetamine in violation of Title 21, United States Code, Section 846; (2) possession with intent to distribute cocaine base, cocaine, and methamphetamine in violation of Title 21, United States Code, Section 841(a)(1); and (3) possession of firearms in furtherance of drug trafficking crimes in violation of Title 18, United States Code, Section 924(c)(1)(A)(i). In addition, defendant Cooper was also charged with being a felon in possession of firearms and ammunition in violation of Title 18, United States Code, Section 922(g)(1).

4. The charges contained in the superseding indictment subject both defendants to 15-year mandatory minimum sentences of imprisonment if convicted on all counts. If the government files an 851 information alleging defendant Cooper's prior felony narcotics conviction he would face a 25-year mandatory minimum sentence if convicted on all counts. In light of the seriousness of the new charges, defendants require additional time to conduct further investigation into the new charges, to determine whether any motions should be filed with respect to the new charges, and to prepare an effective defense to the new charges.

5. A hearing on defendants' various motions to suppress and disclose the confidential informant is currently scheduled for July 28, 2006. For the reasons explained below, the defendants request, and the parties hereby stipulate, to vacate the currently scheduled hearing date and schedule a motions hearing for 2:30 p.m. on October 6, 2006, in Oakland, California.

6. Defendants require the additional time from July 28, 2006, to October 6, 2006, to analyze and investigate the sealed portion of the affidavit, investigate the new charges contained

STIPULATION AND ORDER RESCHEDULING MOTIONS
HEARING; EXCLUDING TIME                    2

in the superseding indictment, review and analyze additional discovery materials produced, determine whether to file any motions regarding the Confidential Discovery and/or the new charges, and to develop a trial strategy in light of that Confidential Discovery and/or the new charges. The parties believe that failure to grant the above-requested continuance would deny defendants' counsel and defendants the reasonable time necessary for effective preparation taking into account the exercise of due diligence and that the ends of justice served by continuing the case as requested outweigh the interest of the public and defendant in a trial within the date prescribed by the Speedy Trial Act.

IT IS SO STIPULATED.

DATE: July 20, 2006

Respectfully submitted,

KEVIN V. RYAN
United States Attorney

_____/s/[1]_____
GARTH HIRE
JAMES E. KELLER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

_____/s/_____
SUZANNE LUBAN, ESQ.
Counsel for Donti Cooper

_____/s/_____
JOHN PAUL REICHMUTH, ESQ.
Assistant Federal Public Defender
Counsel for Maurice Frazier

///
///
///
///

---

[1] I hereby attest that I have on file all the holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document. AFPD Reichmuth has represented that he has signed on Ms. Luban's behalf because she is currently unavailable and has delegated to him the authority to sign on her behalf.

STIPULATION AND ORDER RESCHEDULING MOTIONS
HEARING; EXCLUDING TIME                     3

**[PROPOSED] ORDER**

FOR GOOD CAUSE SHOWN, THE COURT ADOPTS THE FINDINGS OF FACT AND CONCLUSIONS OF LAW STIPULATED TO BY THE PARTIES. THEREFORE, IT IS SO FOUND AND ORDERED THAT:

1. The currently scheduled July 28, 2006, motions hearing is vacated. A hearing on the parties' previously filed motions and any new motions the parties elect to file is now scheduled for 2:30 p.m. on October 6, 2006, in Courtroom 4 of the United States Courthouse in Oakland, California.

2. Any new motions the parties choose to file, as well as any supplements to the previously filed motions, must be filed no later than August 25, 2006. Any oppositions to those motions must be filed no later than September 15, 2006. Any reply briefs must be filed no later than September 27, 2006.

3. The time period from July 28, 2006, to October 6, 2006, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(1)(F) because that period of delay results from the filing of pre-trial motions and encompasses the period of time from the filing of those motions through the conclusion of the hearing on, or other prompt disposition of, such motions. In addition, the time period from July 28, 2006, to October 6, 2006, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(8)(A) because it results from a continuance granted by the Court at the defendants' request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial. Finally, the time period from July 28, 2006, to October 6, 2006, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv) because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence. The Court finds that nothing in this stipulation and order shall preclude a finding that other

///
///
///
///

STIPULATION AND ORDER RESCHEDULING MOTIONS
HEARING; EXCLUDING TIME              4

1  provisions of the Speedy Trial Act dictate that additional time periods are excludable from the
2  period within which trial must commence.

4  DATED: 7/25/2006              _____
                                  HONORABLE MARTIN J. JENKINS
5                                 UNITED STATES DISTRICT JUDGE

STIPULATION AND ORDER RESCHEDULING MOTIONS
HEARING; EXCLUDING TIME                    5